**IT IS ORDERED as set forth below:**

**Date: September 19, 2018**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-56316-JWC |
| JULIAN SYNERR ARNOLD and STACEY ENITA ARNOLD, | CHAPTER 13 |
|            Debtors. | |
| TAARIQ HEAVEN, | ADVERSARY PROCEEDING NO. 18-5077-JWC |
|            Plaintiff, | |
| v. | |
| JULIAN SYNERR ARNOLD, | |
|            Defendant. | |

## <u>ORDER</u>

**THIS MATTER** is before the Court on the Motion for Default Judgment (the "Motion")

filed by Taariq Heaven ("Plaintiff"), against Julian Synerr Arnold ("Debtor" or "Defendant")

1

(Doc. No. 5). The Court finds this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. For the reasons stated below, the Motion is denied.

Defendant filed a chapter 13 bankruptcy case on April 4, 2017. Plaintiff filed the Complaint to Determine Debt Nondischargeable and to Object to Debtor's Discharge on April 12, 2018 seeking to except from Defendant's discharge damages resulting from payment to Defendant for contracting work pursuant to 11 U.S.C. § 523(a)(3) and (a)(2), (a)(4), and (a)(6) (the "Complaint") (Doc. No. 1). Plaintiff filed a certificate of service showing service of the summons and Complaint upon Defendant on April 13, 2018 (Doc. No. 4). Defendant did not answer or otherwise respond, and Plaintiff filed the Motion seeking entry of default and default judgment pursuant to Fed. R. Bankr. P. 7055 on May 25, 2018. The clerk entered default against Defendant on June 1, 2018. Defendant has not filed a response to the Motion, and the Motion is therefore deemed unopposed pursuant to Bankruptcy Local Rule 7007–1(c).

## **Standard for Motion for Default Judgment**

Defendant's failure to respond to the Complaint does not end the Court's inquiry into the validity of the Motion. "A defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A court should consider whether the complaint and the allegations asserted therein are legally sufficient as "there must be a sufficient basis in the pleadings for the judgment entered." *Id.* A court must determine whether the facts alleged in a complaint constitute a legitimate claim

---

[1] The Eleventh Circuit adopted all former Fifth Circuit decisions rendered prior to October 1, 1981 in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

for relief. *See* 10 Alan N. Resnik & Henry J. Sommer, *Collier on Bankruptcy* ¶ 7055.03 (16th ed. 2010).

Rule 8(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). This Court therefore assumes all well-pleaded facts from the Complaint are true when determining whether Plaintiff is entitled to relief.

The Court has reviewed the Complaint and the Motion to determine if the matters admitted by virtue of the default justify the relief requested, and the Court has determined that they do not justify such relief at this point in time. Plaintiff brought this Complaint in two (2) counts: Count I relates to nondischargeability under section 523(a)(3) but fails to specify whether Plaintiff seeks relief under section 523(a)(3)(A), section 523(a)(3)(B), or both. Similarly, Count II relates to nondischargeability under sections 523(a)(2), (4), **and** (6) of the Bankruptcy Code but fails to plead sufficient facts to establish an entitlement to relief under any of those three subsections. Count II incorporates by reference Count I, which leads the Court to believe Plaintiff is pursuing relief under Section 523(a)(3)(B) in Count I, but how is the Court to know? For the above reasons, as explained more fully below, the Motion is denied.

## Analysis

The Court must begin any analysis of whether an exception to discharge exists with the fundamental understanding that a debtor's ability to receive a fresh start is one of the most

3

important and powerful benefits of bankruptcy. As a result, courts must construe exceptions to discharge narrowly against the objecting creditor and in favor of the debtor. *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994).

## Count I: Nondischargeability under 11 U.S.C. § 523(a)(3)

Section 523(a)(3) provides an exception to discharge for any debt "neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit --

> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]"

11 U.S.C. § 523(a)(3). As indicated above, both the Complaint and the Motion fail to specify whether Plaintiff seeks relief in Count I under (a)(3)(A), (a)(3)(B) or both. The Court could deny the Motion as it relates to Count I on that basis alone, but the Court will nonetheless look at whether Plaintiff alleged sufficient facts to entitle him to relief under either section.

### Section 523(a)(3)(A)

Section 523(a)(3)(A) excepts from discharge a debt that was not properly scheduled such that a creditor could file a timely proof of claim. If the Court were to determine that the debt is not of a kind specified in 523(a)(2), (4), or (6), then Plaintiff may be entitled to a nondischargeable judgment if Plaintiff establishes a lack of notice to Plaintiff in time to file a proof of claim and participate in distributions to unsecured creditors in this case.

Debtor and his wife filed their chapter 13 petition for relief on April 4, 2017. The Court entered a notice of meeting of creditors setting the 341 meeting for May 8, 2017. Pursuant to

4

Bankruptcy Rule 3002 in effect when the Debtor and his wife filed their chapter 13 case, the deadline to file a proof of claim was ninety (90) days from the first date set for the 341 meeting, or August 7, 2017. A review of the docket in Defendant's lead case shows that Plaintiff was not listed as one of Defendant's creditors and did not receive notice of the bankruptcy filing or the associated deadlines distributed by the Clerk of Court. The Complaint alleges that Plaintiff only found out about Defendant's bankruptcy case in March 2018, well after the deadline to file a timely claim.  Therefore, the Court finds that Plaintiff did not have notice of the case or the deadlines with sufficient time to file a proof of claim before the original deadline. The Complaint as drafted, however, fails to specify liquidated damages or sufficient facts to show entitlement to a specific monetary award, and the Court is thus not prepared to enter a default judgment under section 523(a)(3)(A) based on the current record before it.

Plaintiff emphasizes that he is unable to file a claim in this case because he received no notice of this case until after the deadline. Plaintiff asserts that he "had no ability to file a claim or determination of discharge ability [sic] of the claims and debts." Compl. ¶ 16. Indeed, Plaintiff asserts that the damage he suffered results directly from his in inability to "protect his claim." Compl. ¶ 17. In light of the Court's duty to narrowly construe exceptions to discharge against the objecting creditor, however, the Court recognizes that there are other avenues to protect Plaintiff's interests short of a default judgment under section 523(a)(3)(A), if Plaintiff's claim is not of a kind specified under section 523(a)(2), (4), or (6).

Defendant's lead case is a chapter 13 case, which requires that a debtor complete all payments due under a confirmed plan to receive a discharge.[2] Defendant's confirmed plan provides

---

[2] Defendant could qualify for a hardship discharge under section 1328(b), but such discharge would not release Defendant's liability on debts determined to be nondischargeable under section 523(a). 11 U.S.C. § 1328(b).

that general unsecured creditors shall receive a pro rata share of $8,000 or 8%, whichever is greater (Main Case, Doc. No. 26). That payout was increased by $2,414 by consent order on September 4, 2018 (Main Case, Doc. No. 58). Plaintiff could seek permission of the Court to allow Plaintiff to file a claim after the claims deadline on the basis that Plaintiff received insufficient notice of Defendant's bankruptcy case pursuant to Bankruptcy Rule 3002(c)(6). As provided by the committee notes on the 2017 revision to that rule, the purpose of 3002(c)(6) is "to expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim." Fed. R. Bankr. P. 3002 advisory committee's note to 2017 amendment. If the Court were to grant relief to file a claim after the bar date, Plaintiff could then file a proof of claim and share in the distribution provided to unsecured creditors under Defendant's confirmed chapter 13 plan.

This approach would preserve a debtor's ability to receive a fresh start, one of the fundamental tenets of bankruptcy, while also enabling a creditor to receive distributions on its claim. At least one court in this jurisdiction held in a chapter 13 context, even prior to the 2017 amendments to Bankruptcy Rule 3002, that fundamental fairness and due process provide sufficient grounds under 11 U.S.C. § 105(a) for the Court to exercise its equitable discretion to allow a late-filed claim when no notice is given to a creditor and such claim would otherwise be nondischargeable under section 523(a)(3)(A). *In re Adams*, 502 B.R. 645, 649 (Bankr. N.D. Ga. 2013). The 2017 amendments to Rule 3002(c) effectively codify the holding in *Adams* to make clear that creditors who do not receive notice of a bankruptcy case in time to file a proof of claim may seek permission from the court to file a late claim. *See* Fed. R. Bankr. P. 3002(c)(6).

Given the insufficiency of the allegations in the Complaint to establish Plaintiff's entitlement to relief, and given the other protections potentially available to Plaintiff to preserve a

6

right to receive distributions in this case, the Court determines that Plaintiff is not entitled to relief under subsection (A) of section 523(a)(3) at this point in time.[3]

**Section 523(a)(3)(B)**

Section 523(a)(3)(B) "does not create an automatic exception to discharge when a … debtor fails to schedule or list a creditor. Rather, the unscheduled creditor must be without timely notice or knowledge of the bankruptcy case and the creditor must have a claim 'of a kind specified' in § 523(a)(2), (4) or (6)." *In re Jones*, 296 B.R. 447, 448 (Bankr. M.D. Tenn. 2003). "The unscheduled creditor's debt must fall within the class of 'fraud exceptions' defined in § 523(a)(2), (4) or (6), else the unscheduled debt is dischargeable in bankruptcy." *Id.* "Proof under § 523(a)(3)(B) is a two-part endeavor: first, the creditor must show it lacked notice of the bankruptcy case before expiration of the § 523(c) bar date; and second, the creditor must show that its claim is 'of a kind specified in paragraph (2), (4), or (6).'" *In re Hellhoff*, No. 09-81880, 2011 Bankr. LEXIS 763, at *4 (Bankr. N.D. Ga. Feb. 25, 2011).

With respect to the first part of the two-part endeavor, Plaintiff has shown that he lacked notice of the case before the deadlines for filing proofs of claim  and for nondischargeability actions under § 523(c). Section 523(c) of the Bankruptcy Code provides that debts of the kind described in paragraphs (2), (4), or (6) of subsection (a) shall be discharged unless the creditor to whom the debt is owed requests that the court determine the debt to be nondischargeable. 11 U.S.C. § 523(c)(1). Federal Rule of Bankruptcy Procedure 4007(c) sets the deadline for filing a complaint to determine the dischargeability of a debt pursuant to section 523(c), providing that the complaint "shall be filed no later than 60 days after the first date set for the meeting of creditors under §

---

[3] The Court makes no determination at this time whether any potential claim of Plaintiff would be allowed if filed. Defendant, Defendant's joint debtor Stacey Enita Arnold, the Chapter 13 Trustee, or other parties in interest could object to Plaintiff's claim, and nothing in this Order forecloses any such objection in the future.

341(a)." Fed. R. Bankr. P. 4007(c). In certain cases, the court may extend the deadline for filing disc, dischargeability complaints, but Bankruptcy Rule 4007(c) permits an extension only on a motion filed before the deadline expires. *In re Harper*, 489 B.R. 251 (Bankr. N.D. Ga. 2013).

Pursuant to Bankruptcy Rule 4007, the deadline to file a complaint under section 523(c) was sixty (60) days from the date Defendant and his wife filed their chapter 13 petition for relief, or July 7, 2017. The Complaint alleges that Plaintiff only found out about Defendant's bankruptcy case in March 2018, well after the bar date to bring a nondischargeability action under section 523(c) and Bankruptcy Rule 4007(c). Unlike the proof of claim deadline, however, this Court cannot extend the bar date for filing nondischargeability complaints under Bankruptcy Rule 4007(c) after the bar date has passed. Therefore, the Court finds that Plaintiff did not have notice of the case or the deadline with sufficient time to file a timely nondischargeability action.

Plaintiff's allegations under Count I relate solely to the timing of the bankruptcy filing in relation to the deadlines to file a timely proof of claim or bring a timely nondischargeability action. Count I of the Complaint does not contain sufficient allegations to establish that Plaintiff's claim is of a kind specified in sections 523(a)(2), (4) or (6).  Accordingly, the Court cannot conclude Plaintiff is entitled to relief under Count I pursuant to section 523(a)(3)(B) without analyzing Plaintiff's entitlement to relief under Count II of the Complaint.

## Count II: Nondischargeability under 11 U.S.C. § 523(a)(2), (4), or (6)

In Count II of the Complaint, Plaintiff incorporates all of the allegations under Count I, and continues to allege facts in an effort to support relief under the second part of the two-part endeavor to determine dischargeability, *i.e.*, that the debt is of a kind specified in paragraph (2), (4), or (6). Nonetheless, the Court is not able to determine whether the debt is of a kind specified by section 523(a)(2), (4), or (6) based on the allegations of the Complaint.

8

As an initial matter, Plaintiff does not specify in the Complaint under which particular subsection of section 523 of the Bankruptcy Code relief is sought.  The Complaint fails to assert any allegations of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny that could support a claim under section 523(a)(4).  Likewise, the Complaint does not allege any willful and malicious injury to serve as a basis for a claim under section 523(a)(6). The facts alleged can only be read to seek nondischargeability under subsection (A) of section 523(a)(2), which provides:

> A discharge under section … 1328(b) … does not discharge an individual debtor from any debt … (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). To merit relief under section 523(a)(2)(A), a plaintiff must demonstrate that a debtor "obtained money, property or credit from the Plaintiff: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) with the intent to deceive or to induce acting on same; (4) upon which the Plaintiff actually and justifiably relied; and (5) from which the Plaintiff suffered damages, injury or loss as a proximate result." *Washington v. Robinson-Vinegar (In re Robinson-Vinegar)*, 561 B.R. 562, 566 (Bankr. N.D.Ga. 2016). This provision focuses on deceit or artifice rooted "'in a specific intent to mislead, trick, or cheat another person or entity,' and the intent to deceive may be shown using circumstantial evidence in relation to the totality of a situation." *Id.* (quoting *Bracciodieta v. Raccuglia (In re Raccuglia)*, 464 B.R. 477, 485 (Bankr. N.D.Ga. 2011)). Under Section 523(a)(2)(A), a debt is excepted from discharge when it arises in relation to the commission of "positive or actual fraud involving moral turpitude or intentional wrongdoing." *Id.* (quoting *Raccuglia*, 464 B.R. at 485).

Rule 9(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7009, provides that "[i]n alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiff alleges that Defendant falsely represented to Plaintiff in their contract for home repairs (the "Contract") that he was duly licensed to perform the work on Plaintiff's home. According to Plaintiff's allegations, Defendant provided a license number that was, in fact, the control number assigned to Defendant's company, JSA Construction, Inc. ("JSA"), by the Secretary of the State of Georgia. Plaintiff further alleges that Defendant induced him to enter into the Contract by Defendant's false representation. Supporting this allegation is Article 7 of the Contract, which states that Defendant represents himself as a duly licensed contractor specifically "[i]n order to induce [Plaintiff] to enter into [the] Contract." Plaintiff asserts that he justifiably relied on Defendant's representation and suffered actual damages as a result.

Although Plaintiff alleges that Defendant is not licensed, Plaintiff supports his allegation with an exhibit purporting to show a professional licensing search conducted on the Georgia Secretary of State's website as of January 21, 2018. Plaintiff states that the search results reflected in that exhibit are the results of a search for "JSA Construction, Inc." Defendant and JSA, however, are not one and the same. JSA is not a defendant in this Adversary Proceeding nor a party to the Contract. Whether JSA is licensed by the state of Georgia is not dispositive of the issue of whether Defendant made any material misrepresentation to Plaintiff. The Court is not convinced from Plaintiff's unanswered allegations and the exhibit showing licensing results for JSA that Defendant is not, in his own capacity, licensed to perform the sort of work contemplated by the Contract. Plaintiff's Complaint, on its face, fails to establish that there was a false representation, a false pretense, or fraud to support a claim for relief under section 523(a)(2)(A). Having failed to

10

establish an essential element of a claim under section 523(a)(2)(A), Plaintiff's request for a default judgment on that claim must be denied.

Even if Plaintiff's allegations were sufficient to establish that Defendant misrepresented his license status, absent from the Complaint are any allegations that Defendant's alleged misrepresentation was *knowingly* false. Although Rule 9(b) provides that knowledge may be alleged generally, the Complaint does not allege in any way that Defendant knowingly made the misrepresentation forming the basis of Plaintiff's claim.[4] Upon the allegations presented by Plaintiff, the Court would not be able to determine, even if Defendant had indeed misrepresented his license status, whether Defendant made such misrepresentation knowingly or whether Defendant was simply mistaken in believing the control number assigned to his business by the Secretary of State was actually his license to perform the work described in the Contract.

Similarly, the Complaint's allegations with respect to damages are insufficient to show an entitlement to relief on their face. The Complaint alleges that Plaintiff paid to Defendant $41,615.94 total, which includes $22,900 in personal checks from Plaintiff and $18,715.94 in bank draws. To support those allegations, Plaintiff attaches to the Complaint copies of the checks paid to Defendant by Plaintiff and Freedom Mortgage Corp. The Complaint further alleges that Plaintiff was forced to expend money for storage, utilities, personal rent, and early termination lease fees for the residence he was expected to vacate upon completion of the project, as well as lost income from tenants as planned. As a result of the delays in construction, Plaintiff alleges he suffered an additional $24,361.83 in losses, costs, and expenses. In total, Plaintiff alleges a potential claim of

---

[4] Reckless disregard for the truth or falsity of a statement may also establish knowledge in the appropriate circumstances, but the facts Plaintiff alleges in the Complaint are not sufficient for such a determination. *See Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir. 1985), *superseded on other grounds* by Pub.L.No. 98-353, 98 Stat. 333 (1984).

$66,361.83.[5] Although Plaintiff has shown that $41,615.94 was paid to Defendant, Plaintiff has

not alleged or shown that he received nothing in return or that he otherwise suffered damages equal

to this amount. Further, Plaintiff has offered no facts to support his allegation that he is entitled to

an additional $24,361.83 in consequential damages resulting from Defendant's alleged fraud.

Having read and considered the Motion, and determining that Plaintiff has failed to

establish an entitlement to relief under Count I or Count II of the Complaint, it is hereby

**ORDERED** that the Motion be and is hereby **DENIED** as to both Counts.

**IT IS FURTHER ORDERED** that the Court will hold a status conference to determine

how to proceed with this adversary proceeding on **Tuesday, October 16, 2018** at **10:00 a.m.** in

Courtroom **1203**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia.

General Order 18-2015, applicable to Defendant's lead case as it was filed prior to

December 1, 2017, provides that "[a]ttorneys representing debtors in Chapter 13 cases must

represent the debtor in all matters related to the case which affect the debtor's interests unless the

attorney is permitted to withdraw by order of the court." General Order 18-2015, ¶ 1. Further,

Bankruptcy Local Rule 9010-4 states that "an attorney who files a petition initiating a case on

behalf of a debtor … shall represent the debtor in all matters in the case, including contested

matters and adversary proceedings, unless the Bankruptcy Court permits the attorney to withdraw

in accordance with BLR 9010-5." Bankruptcy Local Rule 9010-5, in turn, provides that "[a]n

attorney who has appeared in a case or adversary proceeding … must obtain permission from the

Bankruptcy Court to withdraw as counsel, unless substitute counsel has made an appearance for

that party." Although Defendant's counsel in his lead case has not specifically made an appearance

---

[5] According to the constituent figures provided, Plaintiff's claim should sum to $65,977.77 rather
than the $66,361.83 total provided in the Complaint. It appears Plaintiff, in calculating the total
damages, may have rounded up the $41,615.94 figure to an even $42,000 before adding the
$24,361.83 in alleged consequential damages.

for Defendant in this adversary proceeding, neither has counsel sought permission from this Court to withdraw. The prospect of a nondischargeable judgment of over $65,000 against Defendant certainly affects his interests. Such a judgment, entered without any participation in this adversary proceeding by Defendant or his counsel in his lead bankruptcy case, troubles the Court. As such, given the requirements of the Local Rules and General Order 18-2015,

      **IT IS FURTHER ORDERED** that Defendant's counsel—the same counsel representing Defendant and his wife in Defendant's lead case—shall appear at the status conference.

<u>**END OF DOCUMENT**</u>

13

**<u>Distribution List</u>**

**Julian Synerr Arnold**
1995 Evergreen Drive SE
Conyers, GA 30013

**Stacey Enita Arnold**
1995 Evergreen Drive SE
Conyers, GA 30013

**Talitha S. Fleming**
T. Fleming & Associates, LLC
Suite 180
4751 Best Road
Atlanta, GA 30337

**Taariq Heaven**
c/o Brookhuis Law LLC
125 East Trinity Place
Suite 306
Decatur, GA 30030

**John Gerard Brookhuis**
Brookhuis Law, LLC
PO Box 17919
Atlanta, GA 30316

**Nancy J. Whaley**
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303